UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUHAMMAD SHAHZAD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-604 |
| | § | |
| FEDERAL EXPRESS CORPORATION, *et al*, | § § § | |
| | § | |
| Defendants. | | |

## ORDER FOR REMAND

### I.

Before the Court is the plaintiff's, Muhammad Shahzad, motion for remand and memorandum seeking remand of this case to the state court from which it was removed [DE#s 9 and 10]. The defendant, Federal Express Corporation, filed a response [DE 14] and the matter is before the Court. The Court has reviewed the motion, response and reply and determines that the motion is meritorious and should be granted.

### II.

The plaintiff delivered 19 iPhones to ANH Telecom's postal facility for delivery to Dubai, UAE. When the package arrived in Dubai, the iPhones had been replaced with sunglasses. In support of his motion, the plaintiff asserts, without opposition, that the iPhones "were activated shortly after they were delivered to ANH Telecom in Houston, Texas." In order for this event to happen, the phone would need to be removed from the packaging. Therefore, the plaintiff's assertion that the iPhones were not delivered to Dubai, and more importantly, were never airborne rings true. The plaintiff now sues for actual damages in the neighborhood of $23,000.

## III.

The defendant's sole basis for removal is the Montreal Convention. *See* [Convention for the Unification of Certain Rules for International Carriage by Air, Article 1, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309, 1999 WL 332927 34]. The Convention governs liability for international carriage of persons, baggage of cargo performed by aircraft for reward. *Id.* In the instance where air transportation is the carriage, the Convention preempts state law causes of action. *See Han v. Fed. Ex. Express* [2015 WL 5163424, Sept. 2, 2015](citations omitted). The inquiry does not end with the presumptions that apply when goods are delivered to a facility for air transport. Losses that occur prior to cargo becoming airborne or afterward delivery do not fall within the scope of the Convention. And, where there is evidence that disputes the Convention loss presumption, the presumption that the loss occurred while the cargo was airborne is rebutted and the burden shifts to the carrier to prove affirmatively, that the cargo was, in fact, airborne. *Id.*

In the case at bar, the pleadings before the Court rebut the presumption that the cargo was ever airborne. The plaintiff's affidavit stating that the iPhones were activated in the United States after being delivered to ANH Telecom, Inc., for shipment to Dubai, UAE rebuts the presumption that the iPhones were airborne or otherwise, lost during carriage by air. In fact the absence of pleadings resolves the matter in favor of the plaintiff's choice of forum and that choice should be respected. *See* [*Han v. Fed. Express Corp.*, at p. 1](citations omitted). The Court finds that federal removal jurisdiction is lacking because the defendant has not shown affirmatively otherwise.

Therefore, the case is REMANDED to the 113th Judicial District Court of Harris County, Texas. *See* 28 U.S.C. § 1441(a).

It is so Ordered.

SIGNED on this 19th day of April, 2018.

_____
Kenneth M. Hoyt
United States District Judge